**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GLORIA STANTON,

    Plaintiff,

vs.                                                                                          CASE NO. 3:07-cv-015-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

    This matter is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claim for supplemental security (SSI) disability payments. 42 U.S.C. §§ 405(g), 1383(c)(3) (2006). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #13, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #14, D's Brief). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by an Order of Reference dated March 29, 2007 (Doc. #10). The Commissioner has filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number). Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the Commissioner's decision is **AFFIRMED**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

In the instant action, Plaintiff protectively filed an application for SSI disability payments on September 9, 2005 (Tr. 84, 85-91), which corresponds to her alleged onset of disability.[1]  Plaintiff alleges an inability to work due to spine/back/shoulder problems, rheumatoid arthritis and diabetes (Tr. 102).  In the Disability Report-Adult, Plaintiff stated she stopped working because she could not stand the pain in her back, neck and arm (Tr. 102).  After being denied initially and upon reconsideration, Plaintiff requested a hearing, which was held on May 23, 2006 in Jacksonville, Florida before Administrative Law Judge (ALJ) JoAnn L. Anderson (Tr. 17-47).  Plaintiff appeared and testified at the hearing, as did vocational expert Melissa Howell.  Plaintiff was fifty-two years old at the time of the administrative hearing.[2]  Plaintiff has a tenth grade education and previously worked as a fish cleaner (Tr. 23-27).

Plaintiff was represented by attorney Lori Gaglione during the underlying administrative phase of this case.  On August 18. 2006, ALJ Anderson issued a hearing decision denying Plaintiff's claim (Tr. 9-16).  The Appeals Council (AC) denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner (Tr.

---

[1]An individual cannot receive SSI benefits for any period prior to the month in which the SSI application is filed.  *See* 20 C.F.R. § 416.501.  Thus, the relevant period for deciding Plaintiff's case is the month in which she filed her SSI application and thereafter. *See, e.g., Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993) (stating the proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date).

[2]The record reflects Plaintiff was born June 6, 1953 (Tr. 85).

5-7).³

Mr. Erik W. Berger, Esq., now represents Plaintiff in this case. The instant action was filed in federal court on January 8, 2007 (Doc. #1, Complaint). The Court has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings.

### SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION AND THE STANDARD OF REVIEW

A plaintiff is entitled to disability benefits when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months. 20 C.F.R. § 416.905.⁴ For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 416.920; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through Step 4, while

---

³The Court notes the Notice of Appeals Council Action, dated December 14, 2006, refers to an ALJ's decision dated June 27, 2006 (*see* Tr. 5). However, the Notice is clearly addressed to Plaintiff Gloria Stanton at the address corresponding with the one given in her application for SSI disability payments, and the Notice refers to the correct social security number. No party has raised the discrepancy in dates as an issue. Thus, the Court has determined the erroneous date to be a harmless scrivener's error.

⁴All references to 20 C.F.R. shall be to the 2007 edition, unless otherwise noted.

at Step 5, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ's decision dated August 18, 2006 denied Plaintiff's claim (Tr. 9-16).  At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 13).  At Step 2, the ALJ found Plaintiff had the severe combination of impairments of disc bulge at C6-C7, thoracic disc protrusion at T2-T3, and rotator cuff syndrome of the left shoulder (Tr. 13).  The ALJ further found Plaintiff's additional impairments of hypertension, diabetes mellitus and psoriasis did not cause any significant work-related limitations and were not severe within the meaning of the Social Security Act (Tr. 13).  At Step 3, the ALJ found these impairments did not meet or equal, either singly or in combination with any other impairment, any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4 (Tr. 13-14).  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work with some limitations (Tr. 14).  At Step 4, the ALJ determined that Plaintiff had no past relevant work, even though Plaintiff related she had worked at a fish processing facility for many years through 2004, the sporadic nature of that employment was insufficient to constitute substantial gainful activity (Tr. 13, 24-27,104).  Thus, the burden temporarily shifted to the Commissioner at Step 5 to determine if other work existed in significant numbers in the economy that Plaintiff could perform.  The ALJ used the Medical-Vocational Rule 202.10 ("the GRIDS")[5] as a "framework" for determining that a significant number of jobs existed

---

[5]The GRIDS are a series of rules which use a matrix of a claimant's RFC for sedentary, light, medium or heavy work and the claimant's vocational profile of his age, education and past relevant work, to direct a conclusion on the issue of whether the claimant is capable of substantial gainful activity in the national economy. 20 C.F.R. Pt.

in the national economy that Plaintiff could perform (Tr. 16).  Using the GRIDS and the testimony of a vocational expert, the ALJ determined Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 16).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of facts are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla, but less than a preponderance-- in other words, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

The Commissioner must apply the correct law and demonstrate that he has done so.  While the Court reviews the Commissioner's decision with deference to the factual

---

404, Subpt. P, App. 2, §§ 200.00-204.00; *Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983).

5

findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

## ANALYSIS OF SPECIFIC ISSUES

Plaintiff raises two issues on appeal. First, Plaintiff alleges the ALJ failed to properly address her testimony and credibility in accordance with Eleventh Circuit case law and the Commissioner's applicable rulings and Regulations (P's Brief at 1, 9-16). Second, Plaintiff alleges the ALJ erred in giving "much weight to the opinions and findings of the non-examining physicians." (P's Brief at 1 (internal quotations omitted).) Plaintiff's argument on this second issue centers on the assertion that the ALJ failed to obtain evidence from either a treating or examining physician regarding the limitations and impact Plaintiff's impairments had on her ability to work (P's Brief at 1, 16-20).

Defendant asserts the credibility determination is supported by substantial evidence, including the fact the submitted medical evidence does not "paint a picture of the extreme limitations to which Plaintiff testified" (D's Brief at 7). Defendant further asserts the ALJ properly weighed the medical opinions of the non-examining physicians, in light of the treating physicians not noting or recommending any limitations of activity at all (D's Brief at 7). In this case, the Court agrees with the Defendant.

### The ALJ's Credibility Finding

6

Plaintiff argues that the ALJ failed to give adequate reasons supported by substantial evidence for discrediting her testimony regarding her subjective complaints of pain. For the reasons stated below, the Court is not persuaded by this argument.

As Plaintiff correctly notes, an ALJ must consider all of a claimant's statements about her symptoms, including pain. When a claimant attempts to establish disability through her own testimony of subjective pain symptoms, the ALJ must apply the Eleventh Circuit's three-part pain standard:

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d at 1560 *(quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (emphasis added)). When considering a plaintiff's credibility, it is possible for an ALJ to determine pain and subjective symptoms alone may be impairments that result in a claimant being found disabled. *Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992). A reviewing court decides whether the Commissioner's findings are consistent with the proper legal standard and are supported by substantial evidence. *Bridges v. Bowen*, 815 F. 2d 622, 624-25 (11th Cir. 1987).

While an ALJ must consider a plaintiff's subjective testimony of pain that restricts his/her ability to work, the ALJ may reject the testimony as not credible and such a determination will be reviewed under the substantial evidence standard. *Marbury v. Sullivan*, 957 F.2d at 839. Furthermore, the ALJ's determinations as to the credibility of a plaintiff will not be overturned if, reviewing the entirety of the record, there is substantial

evidence supporting a finding of non-credibility. *See Foote v. Chater*, 67 F. 3d at 1562.

Here, a careful reading of the ALJ's decision reveals the ALJ considered all the record evidence and substantial evidence supports the ALJ's determination that Plaintiff's testimony was not entirely credible. In the instant case, the ALJ discussed the medical evidence of record and Plaintiff's subjective testimony, including her descriptions of daily activities (Tr. 11, 13-15). The ALJ did not reject Plaintiff's pain testimony outright, but rather found that Plaintiff's "statements concerning the intensity, duration and limiting effects of [her] symptoms [were] *not entirely credible*" (Tr. 15) (emphasis added). Contrary to Plaintiff's assertions, the ALJ adequately articulated a number of reasons, supported by substantial evidence, for discounting her allegations of disabling pain.

First, and possibly most telling, the ALJ noted that none of Plaintiff's treating physicians had given her any limitations on activity (Tr. 15). The record contains treatment notes from three treating physicians (Tr. 160-78, Dr. Robert Dehgan, M.D.[6]; Tr. 179-88, Dr. Eric W. Scott, M.D.[7]; and, Tr. 189-91, Dr. E. David Risch, M.D.[8]) and the Family Medical and Dental Centers, where the signatures on the records are virtually illegible (Tr. 200-29).

---

[6] Dr. Dehgan is board certified in Physical Medicine and Rehabilitation, Electrodiagnostic Medicine, and Spine and Sports Medicine (Tr. 160).

[7] Dr. Scott practices with the Florida Neurosurgical Associates, PA (Tr. 179). The Court recognizes the Plaintiff saw Dr. Scott on only four occasions, initially for consultation at the request of the Department of Vocational Rehabilitation (*see* Tr. 37,186, 241). However, Dr. Scott ordered and reviewed medical tests and prescribed treatment for Plaintiff.

[8] Dr. Risch is an orthopaedic surgeon who saw Plaintiff on two occasions and prescribed medications for Plaintiff. The 6-day Medrol pack, which was prescribed twice within a one month period, apparently helped Plaintiff's pain; treatment notes record "she had a good result" and "her return appointment is open." (Tr. 189-91.)

These medical records span November 2003 through November 2005. The ALJ specifically asked Plaintiff's counsel if she had all the medical evidence that existed, and Plaintiff's counsel responded affirmatively (Tr. 46). This Court's independent review of the record confirms the ALJ's finding that despite Plaintiff's complaints of pain, no doctor limited or suggested restriction of Plaintiff's activity in any way.

Plaintiff asserts the physicians' silence on the issue of Plaintiff's work abilities can not be interpreted to mean Plaintiff does not experience the limitations to which she testified (P's Brief at 13). For support of this proposition, Plaintiff cites to the case of *Lamb v. Bowen*, 847 F.2d 698 (11th Cir. 1988). Plaintiff in our case points to the section of the *Lamb* opinion wherein the court acknowledges treating physician Dr. Kane was silent on any type of work other than the plaintiff's former employment, and therefore no inference should be made from that silence concerning whether Dr. Kane would restrict or recommend "light work" for Mr. Lamb. *See id.* at 703. However, in *Lamb* the treating physician Dr. Kane did in fact write a letter stating the plaintiff's activity was restricted to the degree it was not compatible with his previous type of employment and the treating physician Dr. Burr did state that he found the plaintiff was permanently unemployable as no further improvement in the plaintiff's condition could be expected. *Id.* at 700, 703. Whereas the treating physicians in *Lamb* noted restrictions on the plaintiff's activities, nothing in the medical treatment notes in this action indicates Plaintiff's physicians limited her activities in any way.

The ALJ must consider the medical evidence of record when assessing Plaintiff's testimony as to the severity of her alleged pain and the limitations resulting from that pain 20 C.F.R. § 416.929(c). Here, the ALJ properly contrasted Plaintiff's medical record with

9

the severity of her alleged limitations.

Plaintiff's arguments concerning the ALJ's consideration of her pain medication and activities of daily living are equally unavailing. Review of a claimant's course of treatment and her activities are also factors to be considered when assessing that person's level of credibility. 20 C.F.R. § 416.929(c). Plaintiff argues that taking Darvocet, which is a pain medication prescribed to relieve mild to moderate pain,[9] does not cast doubt on Plaintiff's testimony of disabling neck, back and shoulder pain, particularly in light of the fact surgery had been discussed to treat those impairments (P's Brief at 14). However, this argument misinterprets the ALJ's duty, which is to evaluate the entire record, and ignores that Plaintiff has not followed through with the possible surgical options for her condition and she does continue to take Darvocet for pain relief.

Here, the ALJ observed Plaintiff was taking a moderate pain medication (Tr. 15). The most recent medical record submitted by Plaintiff is from Family Medical and Dental Centers dated November 30, 2005 (Tr. 200). That record contains the notation that Plaintiff's "pain controlling on Darvocet N100" (Tr. 200). On her medication form, which is undated, but appears to have been completed after March 17, 2006,[10] Plaintiff did not report using prescription pain medication (Tr. 157).[11] On review of the record, the ALJ

---

[9]*See* Drugs.com-Prescription Drug Information, Side Effects & Interactions at <http://www.drug.com/cdi/darvocet-n-100.html> (last visited March 16, 2008).

[10]See Claimant's Recent Medical Treatment form, the block third from the left stating "The last time your case was brought up-to-date: March 17, 2006" (Tr. 156-57).

[11]The Court does note the record also contains two "pain reports" completed by Plaintiff on October 3, 2005 and January 13, 2006, respectively (Tr. 129-31,146-48). In those reports Plaintiff lists hydrocodone, Percocet, Darvocet, naproxen, and BC [powders] as medications taken for relief of pain. However, it is not the province of the Court to re-

reasonably determined that Plaintiff's use of prescription pain medication for mild to moderate pain was inconsistent with her allegation of debilitating pain. *See Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984) (finding that the lack of use of potent pain medication supported ALJ's credibility finding).

The ALJ considered Plaintiff's activities of daily living, to which she attested and which were reported at various places in the record. As Defendant correctly notes, activity evidence is not used as medical proof of a certain work capacity; it is used to show consistency or inconsistency with allegations and thus help establish whether a claimant is a credible witness. The ALJ, as fact-finder, when questioning Plaintiff face-to-face, found she was not fully credible.

Having concluded that she had to make a credibility determination of Plaintiff's subjective complaints, the ALJ recognized that she had to articulate a reasonable basis for her determination and did so. *See Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989). The ALJ's finding that Plaintiff's testimony and subjective statements concerning her pain were not fully credible, is supported by substantial evidence.

**The ALJ's Duty to Develop the Record**

Plaintiff is correct that the ALJ has a duty to fully and fairly develop the record. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988). In this argument, Plaintiff asserts the ALJ improperly relied on the opinions of reviewing state agency physicians and failed to fully develop the administrative record regarding Plaintiff's own medical records (P's Brief

---

weigh the evidence, but only to ascertain whether substantial evidence supports the ALJ's findings and the law was correctly applied to make the ALJ's decision. *Foote v. Chater*, 67 F.3d at 1560.

11

at 16-20) because she did not re-contact either an examining or treating physician to inquire about Plaintiff's ability to perform work-like activities (P's Brief at 17). Specifically, Plaintiff claims the "ALJ was required to obtain a formal assessment from a treating or examining physician as to [Plaintiff's] remaining ability to perform work as a result of her disc bulge at C6-7; thoracic disc protrusion at T2-T3; and rotator cuff syndrome of the left shoulder." (P's Brief at 18.) It is the lack of this direct medical opinion evidence with which Plaintiff takes issue.

It is well established in the Eleventh Circuit that the ALJ has a basic duty to fully and fairly develop the record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Cowart v. Schweiker*, 662 F.2d. 731, 735-36 (11th Cir. 1981). That duty rises to a special level of ensuring that favorable as well as unfavorable facts and circumstances are elicited when a claimant is unrepresented at the administrative hearing. *Cowart v. Schweiker*, 662 F.2d at 735; *Graham v. Apfel*, 129 F.3d at 1422-23. Further, that duty can extend to ordering additional medical tests and exams *if* a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. §§ 416.912, 416.917 (emphasis added). However, in the instant case, the medical evidence does not contain such evidentiary gaps as would prevent the ALJ from making an informed decision. *See Graham v. Apfel*, 129 F.3d at 1422-23; *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). Moreover, Plaintiff was represented by legal counsel throughout the underlying proceedings and Plaintiff's attorney conducted lengthy questioning of Plaintiff during the administrative hearing.

The burden of proving an alleged disability remains with the Plaintiff throughout the five step sequential evaluation process, only temporarily shifting to the Commissioner at

step five to show the existence of other jobs in the national economy which the party seeking disability benefits could perform given that party's impairments. *Bowen v. Yuckert*, 482 U.S. 137 at 146; *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). As in all Social Security disability cases, Plaintiff is responsible for furnishing or identifying medical and other evidence regarding her impairments. *Bowen v. Yukert*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); *also see*, 20 C.F.R. § 416.912 (it is the claimant's burden to furnish the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations). As stated in *Bowen*, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137 at 146, n. 5.

In this case, Plaintiff overstates the ALJ's duty to develop the record. The burden of persuasion to prove disability and to demonstrate her residual functional capacity remained with Plaintiff. The ALJ is required to look beyond the evidence submitted *only when that evidence is insufficient* upon which to make an informed decision. *Holladay v. Bowen*, 848 F.2d at 1208-1210 (emphasis added). *See also, Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (finding the ALJ was not required to further develop an unclear record by asking the treating physicians for more information). The instant record contains all the submitted evidence, which is cited by the ALJ throughout her decision. The ALJ verified that all the existing medical evidence was submitted (Tr. 46) and verified that Plaintiff's

13

counsel had reviewed all the proposed exhibits prior to the hearing (Tr. 20-21). The admitted exhibits included the two RFC assessments by the reviewing state agency physicians (*see* Tr. 21). Plaintiff's counsel did not challenge the hypothetical questions asked of the vocational expert during the administrative hearing (Tr. 42-46). The questioning by Plaintiff's representative and by the ALJ during the administrative hearing provided sufficient supplemental evidence to complete the record and provide adequate information upon which the ALJ could base her findings. The ALJ is not responsible to develop evidence to prove a claimant's case. That burden remains with the claimant.

Here, the ALJ did not have an obligation to look beyond the record when making her decision. The ALJ did not focus on any particular piece of evidence or rely solely on the state agency RFC assessments when determining Plaintiff's residual functional capacity. The ALJ's evaluation of the evidence properly discussed Plaintiff's subjective complaints (Tr.13-15), the medical record (Tr. 13-15), and the other relevant evidence, (*e.g.* Tr. 15-16) in assessing Plaintiff's RFC and determining whether Plaintiff was disabled within the meaning of the Social Security Act. The Court finds the ALJ in this case did not err in development of the record and did not err by unduly relying on the opinions of the reviewing state agency physicians.

## CONCLUSION

For the foregoing reasons, the undersigned finds the decision of the Commissioner that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. The Commissioner's decision is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment

consistent with this Order and Opinion and, thereafter, to close the file.  Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 17th   day of March, 2008.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record